# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOGGS, | CASE NO. 1:10-CV-01756-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| CATE, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |

### Screening Order

**I.  Background**

Plaintiff Anthony Boggs ("Plaintiff") was a prisoner formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on September 17, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary Of Complaint

Plaintiff was previously incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants CDCR director Cate, warden James D. Hartley, chief medical officer Greenman, doctor Campbell, and P.A. Safi.

Plaintiff alleges the following. On March 4, 2008, Plaintiff underwent knee replacement surgery for his right knee. Plaintiff was released from Mercy Hospital in Bakersfield on March 10, 2008, and returned to ASP that same day. Plaintiff was seen by doctor Nareldy regarding blood thinner he was receiving. Plaintiff was receiving daily injections because he was prone to blood clots. Plaintiff was seen later by the surgeon who performed the surgery and told to stop taking the blood thinner. The doctor assured Plaintiff it would be fine. Plaintiff became worse.

On April 16, 2008, Plaintiff was transported to the emergency room at Coalinga hospital. Plaintiff had blood clots in both his legs, leading to his heart. Plaintiff was then transported to Mercy Hospital for surgical removal of the blood clots. All but one of the clots was removed. Plaintiff spent 21 days at the hospital. Plaintiff was given no rehabilitation treatment or therapy.

Plaintiff filed an inmate grievance regarding his lack of therapy on June 22, 2008. Plaintiff's grievances were not granted or partially granted, despite statements from medical staff and appeals coordinators. On September 12, 2008, Defendant Greenman issued a duty limitation chorno indicating Plaintiff had a temporary disability. Plaintiff filed his inmate grievance to the second level of review on September 21, 2008.

On January 2, 2009, Plaintiff filed his inmate grievance to the Director's level. On January 15, 2010, Plaintiff received the Director's level response.

On January 24, 2010, Plaintiff filed another inmate grievance, requesting an appointment with a hemotologist, as suggested by an attorney Plaintiff consulted. Plaintiff saw Defendant Campbell on January 27, 2010, and made his request to see a specialist regarding blood work. Defendant Campbell denied the request.

On February 1, 2010, Plaintiff was ducated to the medical clinic for a hearing regarding the inmate grievance. Plaintiff was seen by Defendant Safi. Plaintiff asked him about the requested blood work. Defendant Safi refused the request. Plaintiff appealed his grievance to the Director's level, which indicated that Plaintiff was receiving lab work tests regarding his regular blood work, such as blood count and cholesterol.

Plaintiff requests as relief that the CDCR schedule him for an appointment with a haemotologist regarding his condition. Plaintiff requests that the CDCR pay for all of Plaintiff's future medical expenses. Plaintiff also requests monetary damages.

### III. Analysis

#### A. Eighth Amendment - Medical Care

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under

this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges two separate claims regarding his medical care. First, Plaintiff alleges that he was not provided rehabilitation therapy following surgery to remove blood clots. It is unclear what was the serious harm to Plaintiff for not receiving the rehabilitation therapy. Even if Plaintiff did allege a sufficiently serious harm, Plaintiff has not linked such acts to any defendant. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff next alleges that Defendants Campbell and Safi failed to schedule Plaintiff for an appointment with a haemotologist. Plaintiff fails to state a claim. A difference of opinion between the physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *Toguchi*, 391 F.3d at 1058. Plaintiff additionally fails to allege any serious harm from their failure to schedule Plaintiff for an appointment with a haemotologist.

**B.   Supervisory Liability**

Plaintiff names Director Cate of the CDCR, warden James Hartley, and chief medical officer Greenman as Defendants. It appears that Plaintiff named them as Defendants because of their supervisory roles. The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the

4

1 defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
2 *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.
3 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege
4 some facts indicating that the defendant either: personally participated in the alleged deprivation
5 of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated
6 or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional
7 rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642,
8 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d . *List*, 880 F.2d 1040, 1045 (9th
9 Cir. 1989).

10       Plaintiff fails to allege any facts that indicate the supervisory Defendants either personally
11 participated in the alleged deprivation, knew of the violations and failed to act, or promulgated a
12 constitutionally deficient policy. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

13 **IV.   Conclusion And Order**

14       Plaintiff's complaint is dismissed for failure to state a claim against any Defendants. The
15 Court will provide Plaintiff with an opportunity to file an amended complaint curing the
16 deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th
17 Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
18 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
19 complaints).

20       If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
21 P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
22 constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the
23 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
24 ." *Twombly*, 550 U.S. at 555.

25       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
26 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567
27 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded
28 pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

1 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 22, 2011**                     /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE