# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-01756-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(DOC. 10)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.　Background**

　　Plaintiff Anthony Boggs ("Plaintiff") was formerly a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on September 17, 2010. On April 25, 2011, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. On May 9, 2011, Plaintiff filed his first amended complaint. Doc. 10.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary Of Second Amended Complaint

Plaintiff was previously incarcerated at Avenal State Prison ("ASP") in Avenal, California.  Plaintiff names as Defendants: CDCR Secretary Cate; warden James D. Hartley; chief medical officer Greenman; primary care physician Dr. Campbell; and P. A. Safi.

Plaintiff alleges the following.  On March 4, 2008, Plaintiff underwent knee replacement surgery.  Am. Compl. 3.  Plaintiff was released from Mercy Hospital in Bakersfield to ASP on March 10, 2008.  *Id.*  Plaintiff was seen by doctor Nareldy regarding blood thinner that he was taking.  *Id.*  On March 25, 2008, Plaintiff was seen by the surgeon performing the surgery.  *Id.*  Plaintiff was told to stop taking the blood thinner.  *Id.*  Plaintiff asked if this was wise, and was assured by the doctor that he would be fine.  *Id.* at 3-4.

Plaintiff's condition worsened, and on April 16, 2008, Plaintiff was transported to the emergency room at Coalinga hospital.  *Id.* at 4.  An ultrasound was performed, which revealed that Plaintiff had blood clots in both legs.  *Id.*  Plaintiff was transported immediately to Mercy hospital, where doctor Soto put a filter inside Plaintiff and was able to remove most of Plaintiff's blood clots, except for one behind Plaintiff's left knee.  *Id.*  Plaintiff received no rehabilitative treatment sufficient for this type of surgery.  *Id.*  Plaintiff received a duty limitation chrono on August 12 and November 3 of 2008.  *Id.*

On January 27, 2010, Plaintiff was seen by Defendant Campbell regarding blood work that had been recommended by an attorney with whom Plaintiff had communicated. *Id.* at 4-5. Defendant Campbell denied the request, and told Plaintiff that if the attorney wanted this blood work, the attorney should schedule the appointment. *Id.* at 5. On February 1, 2010, Plaintiff asked Defendant Safi about this blood work, and Defendant Safi refused. *Id.* On April 16, 2010, Plaintiff asked P.A. Green regarding this blood work requested by Plaintiff, and Defendant Green refused to discuss it. *Id.* Plaintiff appealed this issue to the third of level review, and was denied on July 2010. *Id.*

Plaintiff requests as relief that CDCR care for all of Plaintiff's operations, therapy, and/or treatment related to Plaintiff's issues with his legs. Plaintiff also requests monetary damages for his pain and suffering.

### III.   Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

3

matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff again alleges two separate claims regarding his medical care. First, Plaintiff alleges that he was not provided rehabilitation therapy following surgery to remove blood clots. It is unclear what was the serious harm to Plaintiff for not receiving the rehabilitation therapy. Even if Plaintiff did allege a sufficiently serious harm, Plaintiff has not linked such acts to any defendant. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff next alleges that Defendants Campbell and Safi failed to schedule Plaintiff for blood work. Plaintiff fails to state a claim. A difference of opinion between the physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *Toguchi*, 391 F.3d at 1058. Plaintiff additionally fails to allege any serious harm from their failure to schedule Plaintiff for blood work.

**B.    Supervisory Liability**

Plaintiff names Director Cate of the CDCR, warden James Hartley, and chief medical officer Greenman as Defendants. It appears that Plaintiff named them as Defendants because of their supervisory roles. The Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

4

or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d . *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that indicate the supervisory Defendants either personally participated in the alleged deprivation, knew of the violations and failed to act, or promulgated a constitutionally deficient policy. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

**IV.    Conclusion And Order**

Plaintiff fails to state a cognizable § 1983 claim against any Defendants. Plaintiff was previously provided leave to amend to cure the deficiencies identified herein, but was unable to do so. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **September 19, 2011**            /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE